### JOHN RADDIN *vs.* JEROME G. KIDDER.

The owner of a boiler in another's building may recover compensation from one who has hired and used the boiler, whether it be a fixture or not.

CONTRACT on an account annexed for the use of a boiler from December 1, 1868, to April 1, 1869. At the trial in the Superior Court, before *Brigham*, C. J., it appeared that the boiler, combined with a furnace, was an upright cylinder, resting upon a brick or stone foundation, in the Lyndon Glen Mills ; that it was connected with the machinery of the mills by the ordinary pipes; that it was purchased and placed in the mills by the lessees thereof, and while there was bought from them by the plaintiff, who had no interest in the freehold ; and that the defendant hired it from the plaintiff.

The defendant requested the judge to rule that the boiler was a fixture attached to the freehold, and any one claiming to be its owner could not recover rent for it, while so attached and used, unless he had the right to recover the rent of the freehold, even though he might have the right to sever it from the freehold and carry it away. But the judge refused so to rule, and ruled as follows : " If the boiler in question was a portable boiler, or a boiler not attached to the structure and land upon which it was used, so that it could be moved or detached therefrom without disturbance or injury to such structure and land, it was not a fixture to the land, and if the boiler, not being a fixture, was hired by the defendant of the plaintiff, who was, at the time of hiring, the owner of it, this action may be maintained for the value of its use by the defendant. If the boiler was a fixture, but the plaintiff had a property in it, which gave him the exclusive control of its use, and the plaintiff, at the defendant's request, permitted the defendant to use it for an agreed price, or for a reasonable compensation implied by the circumstances of its use, the action can be maintained." The defendant further requested the judge to rule, that the plaintiff could not recover for the use of the boiler if it was a fixture attached to realty in which he had no interest, but the judge declined so to rule.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. H. Briggs*, for the defendant.

*S. C. Bancroft*, for the plaintiff, was stopped by the court.

BY THE COURT. The defendant having hired and used the boiler, is liable to this action to recover compensation for its use; and it is immaterial whether it is real or personal property.

*Exceptions overruled.*